WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Majerrious Ross,<br><br>Petitioner,<br><br>v.<br><br>Arizona, State of, et al.,<br><br>Respondents. | No. CV-13-01845-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") (Doc. 46), recommending that Petitioner's First Amended Petition for Writ of Habeas Corpus (Doc. 15) be denied.

**I.  Background**

The Court adopts the magistrate judge's characterization of the facts, but summarizes the relevant facts. The Arizona Court of Appeals found the following facts regarding the crimes for which Petitioner was convicted at the state court:

> [Petitioner] was pulled over for a traffic violation on December 23, 2009. The officer noticed a pill bottle sticking out of [Petitioner's] pocket, and noticed that the name "Ross" was not on the bottle. The officer suspected the pills were Alprazolam, a controlled substance, but did not charge [Petitioner] until the substance contained in the pills could be

>1  verified by the lab. The officer impounded the pills and sent them to a
>2  crime lab. A forensic scientist testified that in fact, the pills were
>3  Alprazolam.
>4  . . . .
>5  On September 25, 2010, a police officer was notified by a detective
>6  that [Petitioner] might be in the area and that there was a warrant for his
>7  arrest [for the crimes charged in CR 2010–007952]. After [Petitioner] was
>8  arrested and transported to county jail, "several items of drugs" consisting
>9  of pills, methamphetamine and marijuana were found on his person. He
>10 was booked under the original warrant because the drugs [seized on
>11 September 25, 2010,] had not yet been officially tested and identified, so he
>12 was released. However, a forensic scientist for the Phoenix Police
>13 Department testified [at Petitioner's trial] that her analysis of items
>14 submitted for testing were the controlled substances alleged in the
>15 indictment.
>16 On October 30, 2010, [Petitioner] was arrested based on the
>17 September 25, 2010 charges. When he was searched, another two baggies
>18 of methamphetamine and marijuana were found.

(Doc. 41, Exh. CC at 3–4).

Petitioner was arraigned for his two charges on November 18, 2010 and December 9, 2010. (Doc. 41, Exhs. C, E). The minute entries indicate that Petitioner was represented by counsel at the arraignments. (*Id.*). Petitioner makes several other factual assertions regarding the arraignments which, for the purposes of adjudicating this petition, the Court accepts as true. First, Petitioner asserts that he participated in the arraignments via closed-circuit television. Next, Petitioner asserts that the commissioner who conducted the arraignments entered a not guilty plea "for him" without holding a "discussion" as to the charges. Finally, Petitioner asserts that he has been denied access to the transcripts or recordings of his arraignments, which he claims would prove the

inadequacy of his arraignments.

At both trials, Petitioner represented himself. Mid-trial, Petitioner filed a special action in the Arizona Court of Appeals, arguing, *inter alia*, that his arraignments were constitutionally defective. The Arizona Court of Appeals summarily dismissed the petition. The Arizona Supreme Court denied review.

Petitioner was ultimately convicted in both cases and took a timely appeal of his convictions and sentences, consolidating his two trials for purposes of the appeal. On appeal, Petitioner again argued that his arraignments were improper. After the Arizona Court of Appeals rejected his argument, Petitioner moved for reconsideration, requested an evidentiary hearing, and moved to supplement the record with the arraignment transcripts. The motion for reconsideration was denied, and Petitioner sought review by the Arizona Supreme Court, which was also denied.

Petitioner also sought a writ of habeas corpus from the Arizona Supreme Court while his direct appeal was pending. There, Petitioner repeated his arguments regarding the sufficiency of his arraignments, which the Arizona Supreme Court rejected. Petitioner moved for reconsideration, arguing that the minute entries, upon which the Court of Appeals had relied to conclude that Petitioner's arraignments were constitutionally sound, were "lying" and that the recordings of the proceedings would prove his claims. Petitioner also asked for an evidentiary hearing. The Arizona Supreme Court denied the motion for reconsideration and the request for an evidentiary hearing.

Petitioner then submitted his petition to this Court for a federal writ of habeas corpus under 28 U.S.C. § 2254. The case was assigned to a magistrate judge, who recommended that the Court deny the petition. For the reasons stated below, the Court accepts the magistrate judge's recommendation.

**II.  Standard of Review**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de*

*novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to the claims Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

"When applying these standards, the federal court should review the 'last reasoned

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ("The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.").

- 4 -

decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

## III. Discussion

Petitioner organized his objection to the R&R into five points, some of which overlap. After reviewing the objections, the Court concludes that Petitioner objects to two of the magistrate judge's conclusions. First, regarding Ground 1 of the petition, Petitioner objects to the magistrate judge's conclusion that the arraignments were constitutionally sufficient. (Doc. 48 at 4–5). Second, regarding Ground 5 of the petition, Petitioner objects to the magistrate judge's conclusion that Petitioner's rights were not violated when the state court failed to obtain a copy of the arraignment transcripts. (Doc. 48 at 2–4, 6–7). Thus, the Court addresses only Grounds 1 and 5 in the petition and accepts the magistrate judge's recommendations regarding the other grounds. *Thomas*, 474 U.S. at 149.

### A. Exhaustion of State Court Remedies

Before this Court may consider the merits of an application for habeas relief, a state prisoner must "exhaust" in state court the claims raised in the petition. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 735 n.1 (1991); *Castille v. Peoples*, 489 U.S. 346, 349–50 (1989). To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. *Castille*, 489 U.S. at 351. Respondents do not dispute that Petitioner exhausted Grounds 1 and 5 of his petition, which are the claims he argues in his objections to the R&R. The Court therefore finds that those two claims, the merits of which are discussed below, were properly exhausted in state court.

### B. Ground 1: Sufficiency of the Arraignments

Petitioner claims that he was not properly arraigned. Petitioner's objection to the arraignment hearings appears to be premised on three complaints: first, that he was "brought before a T.V." to participate in the hearing; second, that the commissioner who conducted the hearing entered a not guilty plea for Petitioner without asking Petitioner how he wanted to plea or holding a "discussion about [P]etitioner's charges"; and finally,

- 5 -

1 that Petitioner was not represented by counsel at the hearing.

2 "Arraignment is not a procedure required by the due process clause of the fifth amendment." *Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona*, 915 F.2d 1276, 1280 (9th Cir. 1990) (citing *Garland v. Washington,* 232 U.S. 642, 645 (1914); *United States v. Coffman,* 567 F.2d 960 (10th Cir. 1977)). Indeed, due process "does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. State of Washington*, 232 U.S. 642, 645 (1914).

Whether a criminal defendant's presence via closed-circuit television at an arraignment violates due process is a question neither the Ninth Circuit nor the Supreme Court has answered. *See Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona*, 915 F.2d 1276, 1280–81 (9th Cir. 1990). Courts that have ruled on the issue have held that an arraignment via closed-circuit television does not violate the Due Process Clause, so long as the system provides the functional equivalent of in-person proceedings. *Com. v. Ingram*, 46 S.W.3d 569, 571 (Ky. 2001); *State v. Phillips*, 656 N.E. 2d 643, 665 (Ohio 1995); *People v. Lindsey*, 772 N.E. 2d 1268, 1281 (Ill. 2002); *Com. v. Terebieniec*, 408 A.2d 1120, 1124 (Pa. 1979); *In re Rule 3.160(a), Florida Rules of Criminal Procedure*, 528 So. 2d 1179, 1179 (Fla. 1988). Thus, it cannot be said that Petitioner's presence at the arraignment hearings via television violated clearly established law.

Petitioner's claim that his due process rights were violated because the commissioner did not "discuss" the charges with him and entered a not guilty plea "for him" is not supported by any case law the Court could locate. Indeed, as noted above, due process does not even require states to conduct arraignments in general, let alone to conduct a "discussion" of the charges. *Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona*, 915 F.2d 1276, 1280 (9th Cir. 1990) (citing *Garland v. Washington,* 232 U.S. 642, 645 (1914); *United States v. Coffman,* 567 F.2d 960 (10th Cir. 1977)). That the arraignments were brief and one-sided does not mean that Petitioner was not given "sufficient notice of the accusation and an adequate opportunity to defend himself in the

prosecution." *Garland*, 232 U.S. at 645. Moreover, the not guilty pleas that were allegedly entered "for him" not only complied with the Arizona Rules of Criminal Procedure, Ariz. R. Crim. P. 12.10, but they also resulted in no prejudice to Petitioner; there is no evidence that Petitioner was not free to plead guilty at any time throughout the proceedings. As such, the state court did not violate clearly established law by failing to hold a "discussion" with Petitioner about his charges or by entering a plea of not guilty for him.

Petitioner's claim that he was not represented by counsel is belied by the record. The minute entries clearly state, as the state court found, that Petitioner's attorney was present at the hearing. Thus, Petitioner's factual assertions in this regard are "without credibility" and warrant no evidentiary hearing. *United States v. Navarro–Garcia*, 926 F.2d 818, 822 (9th Cir.1991); *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The Court therefore finds that Petitioner did have counsel present at the arraignments.[2]

In sum, the state court did not violate clearly established law by conducting the arraignments via closed-circuit television, not conducting a discussion with Petitioner about the charges, and entering a plea of not guilty for Petitioner. Petitioner's assertion that he was not represented by counsel at the arraignments conflicts with the unambiguous public record. Therefore, the arraignment proceedings did not violate clearly established law.

---

[2] To the extent that Petitioner claims his rights were violated because he was in a cell communicating through television while his attorney was live in the courtroom, the Court notes that such a circumstance does not violate clearly established law. The Supreme Court has not ruled on that issue, and at least one court to consider it has held that it does not violate due process. *People v. Lindsey*, 772 N.E.2d 1268, 1277-78 (Ill. 2002); *see also Wilkins v. Shirleson*, No. CIV 10-00443 PHX JWS, 2011 WL 4530113, at *15 (D. Ariz. Sept. 7, 2011) report and recommendation adopted, No. 2:10-CV-00443 JWS, 2011 WL 4566438 (D. Ariz. Sept. 30, 2011) ("Petitioner cites to no published opinion of the United States Supreme Court which holds that [representation by counsel in the courtroom while the accused attends the hearing via closed-circuit television] violated Petitioner's federal constitutional right to the effective assistance of counsel in all critical stages of the proceedings, and the Magistrate Judge can find no such opinion.").

### C. Ground 5: Arraignment Transcripts

Petitioner also argues that the state court's failure to obtain and consider the transcript to the arraignments violated his constitutional rights. In particular, Petitioner argues that the state court violated his due process rights because it "looked no further than the minute entries" in determining that he was properly arraigned. (Doc. 48 at 6). In his view, "once the minute entries were challenged, as they many, many, many times were, [the] state court should have engaged in a process, taken additional steps" by obtaining a copy of the arraignment transcripts or recordings. (*Id.*).

On the outset, the Court agrees with the magistrate judge that Petitioner's argument here is "a claim that the state's fact-finding process resulted in error prejudicial to Petitioner." (Doc. 46 at 32). Petitioner does not appear to object to this construction of his argument. (*See* Doc. 48 at 6 ("[The] state court's determination of the facts was unreasonable because their fact finding process was fundamentally flawed.")). Petitioner's argument that his arraignments were improper is addressed above, but this portion will address solely whether the state court based its conclusion on an "unreasonable determination of the facts" under 28 U.S.C.A. § 2254(d)(2).

"[A] state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Clark v. Arnold*, 769 F.3d 711, 724–25 (9th Cir. 2014) (quoting *Burt v. Titlow,* 134 S.Ct. 10, 15 (2013)). Rather, "[a] state court's fact-finding process is unreasonable under § 2254(d)(2) only when we are 'satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's factfinding process was adequate.'" *Woods v. Sinclair*, 764 F.3d 1109, 1128 (9th Cir. 2014) (quoting *Taylor v. Maddox,* 366 F.3d 992, 1000 (9th Cir. 2004)).

The Court concludes that the state court's decision was not based on an unreasonable determination of facts. The state court considered the evidence available at the time, the minute entries, which stated that Petitioner entered a not guilty plea in the presence of his attorney. The mere fact that Petitioner claimed that the minute entries

1  were inaccurate does not trigger a right to obtain the transcripts or recordings, nor does it
2  somehow diminish the weight the state court could reasonably assign to the minute
3  entries. Therefore, it cannot be said that "any appellate court to whom the defect is
4  pointed out would be unreasonable in holding that the state court's factfinding process
5  was adequate.'" *Woods*, 764 F.3d at 1128.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 46) is **ACCEPTED AND ADOPTED**; the objections (Doc. 48) are overruled; the First Amended Petition for Writ of Habeas Corpus (Doc. 15) is **DENIED** and the Clerk of the Court shall enter judgment of dismissal, with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 7th day of April, 2015.

James A. Teilborg
Senior United States District Judge