WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Majerrious Ross, | No. CV-13-01845-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Arizona, State of, et al., | |
| Respondents. | |

Before the Court is Petitioner's Motion to Alter or Amend Judgment, Rule 59(e) (Doc. 54). The Court now rules on the motion.

**I.   Background**

This Court and the magistrate judge found the following facts, which do not appear to be disputed by Petitioner:

> [Petitioner] was pulled over for a traffic violation on December 23, 2009. The officer noticed a pill bottle sticking out of [Petitioner's] pocket, and noticed that the name "Ross" was not on the bottle. The officer suspected the pills were Alprazolam, a controlled substance, but did not charge [Petitioner] until the substance contained in the pills could be verified by the lab. The officer impounded the pills and sent them to a crime lab. A forensic scientist testified that in fact, the pills were Alprazolam.

. . . .

On September 25, 2010, a police officer was notified by a detective that [Petitioner] might be in the area and that there was a warrant for his arrest [for the crimes charged in CR 2010–007952]. After [Petitioner] was arrested and transported to county jail, "several items of drugs" consisting of pills, methamphetamine and marijuana were found on his person. He was booked under the original warrant because the drugs [seized on September 25, 2010,] had not yet been officially tested and identified, so he was released. However, a forensic scientist for the Phoenix Police Department testified [at Petitioner's trial] that her analysis of items submitted for testing were the controlled substances alleged in the indictment.

On October 30, 2010, [Petitioner] was arrested based on the September 25, 2010 charges. When he was searched, another two baggies of methamphetamine and marijuana were found.

(Doc. 50 at 1–2 (quoting Doc. 41, Exh. CC at 3–4)).

Petitioner was arraigned for his two charges on November 18, 2010 and December 9, 2010. (Doc. 41, Exhs. C, E). The minute entries indicate that Petitioner was represented by counsel at the arraignments. (*Id.*). Petitioner makes several other factual assertions regarding the arraignments which, for the purposes of adjudicating this petition, the Court accepts as true. First, Petitioner asserts that he participated in the arraignments via closed-circuit television. Next, Petitioner asserts that the commissioner who conducted the arraignments entered a not guilty plea "for him" without holding a "discussion" as to the charges. Finally, Petitioner asserts that he has been denied access to the transcripts or recordings of his arraignments, which he claims would prove the inadequacy of his arraignments.

At both trials, Petitioner represented himself. Mid-trial, Petitioner

filed a special action in the Arizona Court of Appeals, arguing, *inter alia*, that his arraignments were constitutionally defective. The Arizona Court of Appeals summarily dismissed the petition. The Arizona Supreme Court denied review.

Petitioner was ultimately convicted in both cases and took a timely appeal of his convictions and sentences, consolidating his two trials for purposes of the appeal. On appeal, Petitioner again argued that his arraignments were improper. After the Arizona Court of Appeals rejected his argument, Petitioner moved for reconsideration, requested an evidentiary hearing, and moved to supplement the record with the arraignment transcripts. The motion for reconsideration was denied, and Petitioner sought review by the Arizona Supreme Court, which was also denied.

Petitioner also sought a writ of habeas corpus from the Arizona Supreme Court while his direct appeal was pending. There, Petitioner repeated his arguments regarding the sufficiency of his arraignments, which the Arizona Supreme Court rejected. Petitioner moved for reconsideration, arguing that the minute entries, upon which the Court of Appeals had relied to conclude that Petitioner's arraignments were constitutionally sound, were "lying" and that the recordings of the proceedings would prove his claims. Petitioner also asked for an evidentiary hearing. The Arizona Supreme Court denied the motion for reconsideration and the request for an evidentiary hearing.

Petitioner then submitted his petition to this Court for a federal writ of habeas corpus under 28 U.S.C. § 2254. The case was assigned to a magistrate judge, who recommended that the Court deny the petition.
(Doc. 50 at 2–3).

This Court accepted the magistrate judge's recommendation and denied

1 Petitioner's petition on April 8, 2015. (Doc. 50). On April 30, 2015, Petitioner filed a
2 notice of appeal of the Court's denial of the petition. (Doc. 52).

3 On May 4, 2015, Petitioner filed the present motion under Federal Rule of Civil
4 Procedure 59(e), requesting this Court to amend or alter its order denying Petitioner's
5 petition. (Doc. 54). In support of his motion, Petitioner attached the transcripts to one of
6 his arraignment proceedings, which he apparently acquired after he filed his original
7 objections to the R&R. This evidence, Petitioner claims, proves that he was not
8 represented by counsel at the arraignment, in violation of his constitutional rights.

## II. Jurisdiction

By filing a notice of appeal before filing his Rule 59 motion, Petitioner divested the Court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).[1] However, Rule 62.1 permits the Court to treat Petitioner's Rule 59 motion as a request for an indicative ruling:

> (a) If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or

---

[1] The Court recognizes that some district courts in the Ninth Circuit have concluded that the filing of a notice of appeal does not divest the district court of jurisdiction over the post-trial motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A). *E.g.*, *Yousefian v. City of Glendale*, No. CV 11-03579 DMG MANX, 2013 WL 948743, at *1 (C.D. Cal. Mar. 11, 2013) ("Federal Rule of Appellate Procedure ('Appellate Rule') 4(a)(4) (A) allows the Court to retain jurisdiction over certain postjudgment motions, including a timely filed Rule 59(e) motion."); *Grandinetti v. Sakai*, No. CIV. 14-00060 DKW, 2014 WL 1049420, at *1 (D. Haw. Mar. 14, 2014) (same); *see also* Transmittal Note to the 1993 Amendment to Fed. R. App. P. 4 ("A notice [of appeal] filed before the filing of one of the specified motions [in Rule 4(a)(4)(A)] . . .is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). The Court disagrees with the reasoning of those cases because it finds nothing in the text of Federal Rule of Appellate Procedure 4(a)(4)(A) relating to the district court's jurisdiction. Instead, that Rule speaks only to the extension of time to file an appeal by filing one of the listed motions. *See* Fed. R. App. P. 4(a)(4)(A) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . .").

- 4 -

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Braun-Salinas v. Am. Family Ins. Grp.*, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal). For the following reasons, the Court will deny the motion under Rule 62.1(a)(2).

### III. Legal Standard

"Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir.2003) (internal quotation marks omitted). Thus, "[a] Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). The Court ordinarily will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g). No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration. *Id*. Repeating arguments in a motion to reconsider may be grounds for denying the motion. *Id*. Therefore, the Court does not address the arguments Petitioner repeats from his objections to the R&R and only addresses the new argument and evidence raised by Petitioner's Rule 59 motion. Specifically, the Court addresses the arraignment transcripts Petitioner has produced.

### IV. Discussion

Petitioner's argument centers on an arraignment transcript that he claims his family was able to obtain, which indicates that Petitioner was acting "pro se" at one of his

- 5 -

arraignment hearings. Petitioner views this as evidence that the arraignment minute entries, upon which the state court relied, "were falsafyied [sic] to purport that Petitioners was represented by counsel." Accordingly, Petitioner argues that his petition should be granted because his right to counsel was violated at the arraignment stage.

The Court is unpersuaded. First, and foremost, Petitioner knowingly, intelligently, and voluntarily waived counsel before his arraignment by signing a waiver document. (Doc. 41-1 at 2). *Iowa v. Tovar*, 541 U.S. 77, 81, 124 S. Ct. 1379, 1383, 158 L. Ed. 2d 209 (2004) ("Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.' (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)).[2] Petitioner does not deny this. Thus, even if counsel was not present at that arraignment, Petitioner's rights were not violated. *See id.* at 87–88, 94 (noting that "the Constitution 'does not force a lawyer upon a defendant'" and that "States are free to adopt by statute, rule, or decision any guides to the acceptance of an uncounseled plea they deem useful" (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279 (1942))).

Second, Petitioner's explanation for the discrepancy between his proffered transcripts and the minute entries—that the state court falsified the minute entries—is not plausible. The more likely explanation is that advisory counsel was appointed for the arraignment, as it was for the trial. This explains why the transcripts Petitioner submitted indicate that Petitioner acted "pro se," while the minute entries noted the presence of counsel; both were true.

In short, Petitioner has failed to show by "clear and convincing evidence" that the state court erred in its determination that Petitioner was represented by counsel at his

---

[2] Notably, the Ninth Circuit has held that a criminal defendant who pleads not guilty need not be shown to have waived with the same level of knowledge and intelligence as a defendant who pleads guilty. *See Hodge v. United States*, 414 F.2d 1040, 1044 (9th Cir. 1969) ("The informational items recited as essential to an intelligent waiver relate to such a plea and serve to assure that a defendant understands the consequences of confessing guilt and that he knows enough of the law to be able intelligently to reach the conclusion that he is guilty under the law. Such colloquy has no place in a case where guilt is denied and an offer of counsel is rejected.").

- 6 -

arraignment.[3] 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Even if he were not represented by counsel, Petitioner knowingly, intelligently, and voluntarily waived his right to counsel.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Alter or Amend Judgment, Rule 59(e) (Doc. 54) is **DENIED**.

Dated this 19th day of May, 2015.

James A. Teilborg
Senior United States District Judge

---

[3] The Court finds that no evidentiary hearing is necessary to reach this conclusion.